USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/01/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

Plaintiff,

-against-

TOM IOANNOU, *et al.*,

Defendants.

No. 25 Civ. 1064 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Michael Buxbaum ("Plaintiff"), proceeding pro se, commenced this action on February 5, 2025. (ECF No. 1.) Defendants Tom Ioannou and Lia Ioannou filed Answers on May 31, 2025. (ECF Nos. 39–40.) On June 3, 2025, the Court directed the parties to submit a proposed Case Management Plan and Scheduling Order by June 23, 2025. (ECF No. 42.) After Defendants advised the Court that they had been unable to communicate with Plaintiff regarding preparation of the proposed Case Management Plan, the Court issued a further Order on September 11, 2025 directing both parties to submit a proposed Case Management Plan on or before October 14, 2025. (ECF No. 44.) Defendants thereafter submitted a proposed Case Management Plan and served Plaintiff with the Court's September 11, 2025 Order. (ECF Nos. 45–46.) To date, Plaintiff has neither submitted a proposed Case Management Plan nor otherwise communicated with the Court regarding compliance with the Court's September 11, 2025 Order. The docket further reflects no activity by Plaintiff since May 2025. As a result, on June 16, 2026, the Court issued an Order directing Plaintiff to show cause, in writing, as to why this action should not be dismissed for lack of prosecution by July 17, 2026. (ECF No. 48.) He has not done so.

"Dismissal for want of prosecution is a matter committed to the discretion of the trial

judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. *Id.* (internal quotation marks omitted).

Plaintiff has failed submit a proposed Case Management Plan or communicate with the Court regarding compliance with the September 11, 2025 Order. Plaintiff has likewise failed to respond to the Court's Order to Show Cause. No lesser sanction would be effective in light of Plaintiff's failure to respond to the Court's Order to Show Cause. As Plaintiff has not responded to the Court's Order to Show Cause, the instant action is hereby dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is respectfully directed to close the case. The Clerk of Court is also directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to note service on the docket.

Dated: September 1, 2026
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE